UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
STARR INDEMNITY & LIABILITY COMPANY,          :
                                                                    :
                                        Plaintiff,         :
                                                                    :
                        -v-                                         :
                                                                    :
AMERICAN CLAIMS MANAGEMENT, INC., et al.,   :
                                                                    :
                                        Defendants.        :
                                                                    :
--------------------------------------------------------------------X

```
┌────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #:_____              │
│ DATE FILED: _05/06/2015___          │
└────────────────────────────────────┘
```

14-CV-0463 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

The parties in this case dispute whether Plaintiff may seek punitive damages and, if so, what standard would apply. By Opinion and Order entered April 20, 2015, the Honorable Denise L. Cote, to whom the case was previously assigned, granted Plaintiff leave to amend its complaint to add several tort claims and a request for punitive damages with respect to those claims. (Docket No. 85). In an Order entered on April 29, 2015 (Docket No. 108) and at the Final Pretrial Conference held yesterday, the Court made clear that it would not revisit that decision, but ruled that Plaintiff may not mention that it is seeking punitive damages in its opening statement and reserved judgment on the parties' disputes concerning (1) the standard that would apply to the punitive damages request; and (2) whether that standard is provided by California law or New York law. At the heart of those disputes is a disagreement over whether, if New York law applies, Plaintiff would be required to prove that Defendants' conduct was "part of a pattern of similar conduct direct at the public generally." *Rocanova v. Equitable Life Assur. Soc'y of U.S.*, 83 N.Y.2d 603, 613 (1994). The Court finds that it would.

In *New York University v. Continental Insurance Company*, 87 N.Y.2d 308 (1995), and

*Rocanova*, the New York Court of Appeals held that, "[w]here a lawsuit has its genesis in the contractual relationship between the parties" or "arises from a breach of contract," punitive damages are available only if: (1) the defendant's conduct constitutes an independent tort; (2) the tortious conduct is of a sufficiently egregious nature; (3) the egregious conduct is directed to the plaintiff; and (4) the conduct is "part of a pattern directed at the public generally." *New York Univ.*, 87 N.Y.2d at 315-16 (citing *Rocanova*, 83 N.Y.2d at 613-14). Courts in this Circuit have largely interpreted those cases to stand for the proposition that punitive damages may not be recovered for tort claims "arising out of a contractual relationship" unless the plaintiff can satisfy the so-called public-aim requirement. *See, e.g.*, *Tianbo Huang v. iTV Media, Inc.*, No. 13-CV-3439 (JFB) (WPW), 2015 WL 235323, at *3-4 (E.D.N.Y. Jan. 16, 2015); *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 427-28 (S.D.N.Y. 2007); *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 382 F. Supp. 2d 411, 422-23 (S.D.N.Y. 2003).

Plaintiff argues that the public-aim requirement does not apply here because its tort claims lack a sufficient nexus to the parties' contract. (*See* Pl. Starr Indemnity & Liab. Co.'s Resp. Defs.' Mot. Punitive Damages (Docket No. 112) ("Pl.'s Mem.") 5-8 (citing cases)). But all of Plaintiff's tort claims are grounded in the parties' contractual relationship. The conversion claim alleges, for example, that Defendants improperly drew money from the claim account to which they had no right. (*See, e.g.*, First Am. Compl. (Docket No. 89) ¶¶ 101-113). That money, however, was in the claim account only because the contract required both that Defendants establish the account and that Plaintiff to put funds into it. (*Id.* ¶ 25). Further, the purposes for which Defendants had the right to withdraw funds are governed largely, if not entirely, by the contract between the parties. (*See, e.g.*, *id.* ¶¶ 104-108). Similarly, Plaintiff's

breach-of-fiduciary-duty claim would not exist but for the parties' contractual relationship: The

Amended Complaint specifically links Defendants' fiduciary duties to the contract (*see* Am.

Compl. ¶¶ 57, 131), and there is no allegation that the parties have any relationship except for the

one created by their contract. *Compare, e.g.*, *Stein v. N. Assur. Co. of Am.*, No. 09-CV-1029

(TCP), 2012 WL 1605365, at *9-10 (E.D.N.Y. May 7, 2012) (applying the public-aim

requirement to a breach-of-fiduciary-duty claim arising out of an insurance contract because the

"plaintiffs' claim for punitive damages arose from and is on account of plaintiffs' insurance

contract with defendants and the breach thereof"), *with Merrill Lynch & Co.*, 382 F. Supp. 2d at

423 (holding that the public-aim requirement did not apply to a breach-of-fiduciary-duty claim

because the party's "claim for breach of fiduciary duty ar[ose] from a relationship that pre-

existed the contractual relationship").[1]  Accordingly, the Court finds that Plaintiff's tort claims

do "arise from" the contract.

In the alternative, Plaintiff argues that it need not prove conduct directed at the public if

"a very high threshold of moral culpability is shown."  (Pl.'s Mem. 9-10).  In so arguing,

Plaintiff relies heavily on *Giblin v. Murphy*, 73 N.Y.2d 769, 772 (1988), but that case pre-dates

*Rocanova* and *New York University*.  Plaintiff argues that it nevertheless remains good law,

citing *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 340 (S.D.N.Y. 2003), and *HSH Nordbank*

---

[1]     Plaintiff contends that certain statutes provide "extra-contractual bases" for its fiduciary
duty claim (Pl.'s Mem. 3 n.1 (citing statutes ascribing fiduciary duties to third-party
administrators that collect and administer funds on behalf of an insurer)), but those statutes
would not apply in the absence of the contract.  (*See* Am. Compl. ¶ 18 (stating that ACM acted
as the third-party administrator for Starr "pursuant to" the contractual agreement)).  Accordingly,
they have no bearing on the Court's conclusion that the breach-of-fiduciary-duty claim "has its
genesis in the contractual relationship between the parties" and "arises from" the contract.  *New
York Univ.*, 87 N.Y.2d at 315-16

*AG v. Barclays Bank PLC*, 986 N.Y.S. 2d 866 (Sup. Ct. New York Cnty. 2014), both of which found that conduct directed at the public is not always required. Those cases, however, are directly contrary to the Second Circuit's decision in *TVT Records v. Island Def. Jam Music Grp.*, 412 F.3d 82 (2d Cir. 2005). In that case, the plaintiff argued that punitive damages were available in contract cases where the defendant exhibited a high degree of bad faith, even if there was no public harm. Citing *Rocanova* and *New York University*, the Court rejected that argument, noting that it had "not wavered in applying the public aim requirement" since the two cases were decided. *TVT Records*, 412 F.3d at 94 & n.12. That decision controls.

Accordingly, if New York law governs the dispute (a question upon which the Court continues to reserve judgment, pending the parties' supplemental briefing due May 11, 2015), Plaintiff will have to demonstrate that Defendants' conduct was aimed at the public generally. Thus, Plaintiff would be required to show that Defendants' actions constituted a "gross and wanton fraud upon the public," rather than merely an "isolated transaction incident to an otherwise legitimate business." *TVT Records*, 412 F.3d at 95-96 (internal quotation marks

omitted) (stating that "incidental effects" on the public are insufficient to satisfy the public aim

requirement and citing cases).[2]

       SO ORDERED.

Dated: May 6, 2015
      New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge

---

[2]     The Court notes that its holding is not inconsistent with Judge Cote's decision granting Plaintiff leave to amend its complaint.  For one thing, Judge Cote expressly reserved decision on whether New York law or California law would apply to Plaintiff's tort claims.  (Docket No. 85, at 17 n.4).  For another, the issue briefed by the parties and decided by Judge Cote was whether Plaintiff's tort claims were duplicative of its contract claims or independent torts — that is, the first prong of the *Rocanova/New York University* test; the parties did not brief, and Judge Cote did not decide, whether a higher standard should apply because Plaintiff's tort claims — although "independent" — arose from or had their genesis in the contract.  In any event, the law of the case doctrine is discretionary.  *See, e.g.*, *Pepper v. United States*, 131 S. Ct. 1229, 1250-51 (2011).  To the extent that Judge Cote's prior ruling could be construed as inconsistent, the Court would exercise its discretion to revisit the issue to ensure that the jury is properly instructed as to the standard that applies and to ensure that the Court does not base its choice-of-law decision on an erroneous understanding of New York law.