```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
STARR INDEMNITY & LIABILITY COMPANY,                                    :
                                                                        :
                        Plaintiff,                                      :     14-CV-0463 (JMF)
                                                                        :
        -v-                                                             :     MEMORANDUM OPINION
                                                                        :         AND ORDER
AMERICAN CLAIMS MANAGEMENT, INC., et al.,                               :
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/07/2015

JESSE M. FURMAN, United States District Judge:

The parties in this case, familiarity with which is assumed, dispute whether Plaintiff may seek punitive damages, as well as whether California or New York law governs that question. As this Court sits in New York, it must apply New York choice-of-law analysis, *see Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941), which first asks whether there is an "actual conflict of laws," *Condit v. Dunne*, 317 F. Supp. 2d 344, 352 (S.D.N.Y. 2004) (internal quotation marks omitted). Thus, the threshold question for choice-of-law purposes is identifying what the standard is for punitive damages in New York and California. By Memorandum Opinion and Order entered yesterday, the Court ruled that, if New York law applies, Plaintiff may not recover punitive damages unless it can prove that Defendants engaged in a pattern of misconduct directed at the public. (Docket No. 118). This Memorandum Opinion and Order addresses the relevant standard under California law and offers some additional analysis on the choice-of-law question. Ultimately, however, the Court continues to reserve judgment on whether New York or California law applies to the punitive damages claim pending the parties' supplemental briefing.

In light of the Court's ruling on the standard under New York law, there is plainly an actual conflict of laws between the two jurisdictions, as the parties agree that California law has no public-aim requirement.  (Pl. Starr Indemnity & Liability Co.'s Resp. Defs.' Mot. Punitive Damages (Docket No. 112) ("Pl.'s Mem.") 12-15; Mem. Law Supp. Defs.' Mot. To Reconsider Ruling Allowing Punitive Damages Claim Or, Alternative, To Dismiss Pl.'s Punitive Damages Claim (Docket No. 104) ("Defs.' Mem.") 11-13).  Nevertheless, the parties differ with respect to how big the conflict between New York and California law is.  On the one hand, Defendants argue that Plaintiff would be flatly prohibited from recovering punitive damages under California law because the contract is "integral — not incidental —" to the resolution of its tort claims.  (Defs.' Mem. 11-12).  Plaintiff, on the other hand, contends that punitive damages are always available for tort claims, even if the claims are closely connected to a claim for breach of contract.  (Pl.'s Mem.  12-15).  The Court agrees with Plaintiff.

Defendants' argument admittedly finds support in the plain language of the California punitive damages statute, which provides that such damages are available only "[i]n an action for the breach of an obligation *not arising from* contract." Cal. Civ. Code. § 3294(a) (emphasis added).  After all, the Court has already concluded that Plaintiff's tort claims in this case "do 'arise from' the contract."  (Docket No. 118, at 2-3; *see also* Docket No. 85, at 21 ("[T]he language *in the Agreement* seems to contemplate a fiduciary relationship with respect to ACM's disbursements from the Claim Account." (emphasis added))).  That decision, however, was based on New York law.  By contrast, California courts appear to take a narrower view of what actions "arise from" a contract, with the overwhelming weight of authority holding that "[w]hen

2

[an] action proceeds under alternate tort theories in addition to a contract action, then punitive damages may be awarded under the alternative tort theory." *Frazier v. Met. Life Ins. Co.*, 214 Cal. Rptr. 883, 892 (Cal. Ct. App. 2d Dist. 1985) (collecting cases); *see also, e.g.*, *In re Ryan*, 369 B.R. 536, 545-46 (Bankr. N.D. Cal. 2007) (holding that where a party has "both independent tort and contract claims" the party may receive tort damages, including punitive damages, for the tort claim and contract damages for the contract claims); *Nava v. JP Morgan Chase Bank, N.A.*, No. 14-CV-7601 (DSF), 2014 WL 6886071, at *2 (C.D. Cal. Nov. 25, 2014) (noting that the general rule precluding "tort recovery for noninsurance contract breach" applies "at least in the absence of violation of an independent duty arising from principles of tort law" (internal quotation marks omitted)); *Harris v. Wachovia Mortg., FSB*, 111 Cal. Rptr. 3d 20, 23 (Cal. Ct. App. 4th Dist. 2010) (same). In this case, the Court has already ruled that Plaintiff's tort claims are independent from, and not duplicative of, its contract claims. (Docket No. 85, at 23). It follows that, if California law applies, Plaintiff may recover punitive damages for its tort claims.

In arguing otherwise, Defendants rely heavily on *Pynoos v. Massman*, No. B249711, 2014 WL 5282153 (Cal. Ct. App. 2d Dist. Oct. 16, 2014) (unpublished), which held that "where the gist of the action is the defendant's noncompliance with the terms of a contract, punitive damages are barred by Civil Code section 3294." *Id.* at *7 (internal citations and quotation marks omitted). (Def.'s Mem. 12). *Pynoos*, however, is unpublished, and therefore "must not be cited or relied on by a court or a party in any other action." Cal. R. Ct. 8.1115. (Moreover, the *Pynoos* Court itself stated that "[w]here a lawsuit is primarily grounded in the commission of an independent tort, the fact that the defendant's conduct also breaches a contract between the parties will not preclude punitive damages; in that situation, the contract is 'incidental' to the

3

tort." 2014 WL 5282153, at *6 (citing cases).)  The principal other case cited by Defendants — *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454 (Cal. 1994) — concerned whether one party to a contract can sue another party to the contract for conspiracy to interfere with contractual relations, which has little or no relevance here.  In short, the plain language of the California statute notwithstanding, the overwhelming weight of California authority — and Defendants' inability to cite any relevant precedential authority to the contrary — compels the conclusion that Plaintiff may seek punitive damages under California law.

In light of that conclusion, there is no way to avoid deciding whether New York or California law governs Plaintiff's request for punitive damages.  As noted, the Court will continue to reserve judgment on that question pending the parties' supplemental briefing.  Nevertheless, it here offers some brief thoughts on the question, if only to guide the parties' supplemental briefing.  First, contrary to Defendants' contention (Defs.' Mem. 10-11), the choice-of-law provision in the parties' contract does not resolve the question.  That provision provides that: "This Agreement shall be deemed to be made in, and in all respects shall be interpreted, construed and governed by and in accordance with the laws of the State of New York without regard to its conflicts of law principles."  (Am. Compl. (Docket No. 89), Ex. A § XIX).  It is well established, however, that "[u]nder New York law . . . tort claims are outside the scope of contractual choice-of-law provisions that specify what law governs the construction of the terms of the contract."  *Finance One Public Co. v. Lehman Bros. Special Financing, Inc.*, 414 F.3d 325, 335 (2d Cir. 2005); *see also Valley Juice Ltd. v. Evian Waters of France, Inc.*, 87 F.3d 604, 611 (2d Cir. 1996) ("We note as an initial matter that the choice of law clause, which states only that the 'Agreement is to be governed by the laws of . . . New York,' does not purport

4

to govern a claim in tort."). Here, the choice-of-law clause in the parties' contract is quite narrow: it pertains only to "this Agreement," not to all conflicts that are related to or arising out of the Agreement. Accordingly, under New York law, the clause does not apply to Plaintiff's tort claims.

The question, then, turns on which state has a greater interest in the litigation. *See, e.g.*, *Deutsch v. Novartis Pharm. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010). Because punitive damages are conduct-regulating, "'the law of the jurisdiction where the tort occurred will generally apply.'" *Id.* (quoting *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006, 2003 WL 1907901, at *1 (S.D.N.Y. Apr. 16, 2003)). Courts, however, appear to have been inconsistent in their approaches to determining where a tort occurred. *Compare, e.g.*, *id.* at 524-25 (finding the plaintiffs' contacts to New York to be irrelevant because "the *relevant* contacts are those that relate to the alleged conduct giving rise to their claims for punitive damages," namely, where the defendant's actions occurred), *with Northwestern Mut. Life Ins. Co. v. Wender*, 940 F. Supp. 62, 66 (S.D.N.Y. 1996) (stating that courts consider multiple factors in determining the "locus" of tort, including "the interest of the jurisdiction in applying its law to discourage future bad conduct, the place where a defendant's conduct would be evaluated, and to a lesser extent the place where the 'victim' suffered economic loss"), *and Ayco Co., L.P v. Frisch*, 795 F. Supp. 2d 193, 204 (N.D.N.Y. 2011) (finding that where "the alleged conduct that g[ave] rise to Plaintiff's tort law claims is the same as that which gave rise to its breach of contract claims . . . it is both efficacious and reasonable for New York law[, which governed the contract claims,] to apply to the tort claims as well."). In their supplemental briefing, the parties should address that inconsistency (in addition to whatever other issues they find relevant to the

choice-of-law question in light of this ruling and the Court's ruling of yesterday). In addition, the parties should answer the following factual questions: (1) what major actions Defendants took that Plaintiff considers tortious and where they occurred; and (2) where the relevant bank account (i.e., the Claim Account) is located.

SO ORDERED.

Dated: May 7, 2015
       New York, New York

                                          _____
                                          JESSE M. FURMAN
                                          United States District Judge